IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MISSOURI

In Re:                                      )
                                            )
VIRGINIA P. DALE,                           )    Case No. 04-40152-JWV-13
                                            )
            Debtor.                         )

## MEMORANDUM OPINION

On November 7, 2007, the Court dismissed this Chapter 13 case, which was filed by the Debtor, Virginia P. Dale, some 46 months ago, and prohibited the Debtor from filing a new bankruptcy case in any bankruptcy court in the United States before May 7, 2009.

Seven days later, on November 14, 2007, Ms. Dale, who has acted *pro se* throughout this case, filed four different motions that were docketed as a Motion to Vacate Dismissal (Document # 192), a Motion to Reconsider Default on Plan Payments (Document # 193), an Emergency Motion for Order regarding Motion to File Chapter 11 Reorganization (Document # 194), and a Motion for Order regarding Defendants (sic) Violation of RESPA (Document # 195).

For the most part, the Motions filed by Ms. Dale are disjointed and nonsensical. None of them presents any basis for granting the relief requested, and accordingly the motions will be denied.

The Court will discuss each of the motions separately, and briefly.

*Motion to Vacate Dismissal.*

Ms. Dale asserts that some of the creditors' attorneys in this long-running case have not appeared for hearings and that this constitutes a "fraud upon the court." She states that the attorneys "should be fined and sanctioned by the court" and that she should be awarded punitive damages for their "behavior."

While it is true that some of the attorneys have not appeared for various docket calls, no attorney has failed to appear for a hearing when it was scheduled, so far as the Court can recall. In any event, Ms. Dale fails to argue or demonstrate how the nonappearance of any attorney has prejudiced her. Ms. Dale should also be reminded of the many continuances she has obtained in this case, several of them at the last minute and at a time when the creditors' attorneys were present for

the scheduled hearing. In fact, the Court has extended many more courtesies to and has been much more lenient with Ms. Dale than it has to and with the attorneys, in recognition of her *pro se* status.

The nonappearance of attorneys for the creditors over the course of this lengthy case has in no way prejudiced the Debtor, and in any event is not a basis for vacating the dismissal. The grounds for the dismissal were stated in the Court's Order of November 7, 2007, and Ms. Dale has not challenged the Court's findings in support of the dismissal.

*Motion to Reconsider Default on Plan Payments* (also styled *Motion Contesting Default on Plan Payment*).

It is difficult to summarize this disjointed motion. Ms. Dale speaks first of the effects of denying a proposed modification of a Chapter 13 plan. She then argues that the attorneys for the creditors, particularly her chief antagonist, HomEq Servicing Corporation, are somehow guilty of "double dipping" because she is being charged for the fees incurred when the attorneys "have already been compensated by HomeQ Servicing (sic)." She contends this has resulted in her being required to pay excessive fees and requests "an accounting."

Notably, the motion says nothing about Ms. Dale's default in plan payments. The Chapter 13 Trustee filed a Motion to Dismiss on September 22, 2007, alleging that Ms. Dale was delinquent $1,078.49 in her plan payments. Under our Local Rules and practices, Ms. Dale was given notice that she had until October 11, 2007, to respond to the Trustee's motion. She did not do so, and in fact she had not responded to the motion at the time of the hearing on November 19, 2007. At the hearing, Ms. Dale did not contest that she was delinquent in her plan payments, and in the present motion she does not contest that she was delinquent in her plan payments. The motion presents no basis for relief.

*Emergency Motion for Order regarding Motion to File Chapter 11 Reorganization.*

The Debtor states that she seeks to convert this case to a Chapter 11 case so that she can write down the debt on her home to the liquidation value, "since that's what the lender would have gotten in foreclosure anyway." She further states that she desires to file a Chapter 11 "because the Defendants have not offered or cooperated in any other way out of this dilemma." Finally, in the middle of the pleading, she argues that the Court should have ordered all money being held by the

2

Trustee (approximately $4,000) to be distributed to her upon dismissal, rather than to HomEq Servicing Corporation. Finally, she states that she has "standing to challenge the 'validity' and amount of HomeQ's (sic) claim."

As previously noted, this Chapter 13 case was filed by Ms. Dale almost four years ago, on January 9, 2004. The entire case has revolved around Ms. Dale's attempts to keep her house. Ms. Dale has filed numerous motions and at least one adversary proceeding in challenging the validity and amount of HomEq Servicing Corporation's claim, a secured claim based on a note and deed of trust on Ms. Dale's residence. Ms. Dale has been unsuccessful in these efforts in this Court, in the Bankruptcy Appellate Panel, and in the Eighth Circuit Court of Appeals. While mounting these repeated challenges to the mortgage debt, Ms. Dale has not made plan payments adequate to service the secured debt (with the exception of perhaps one or two months) and has never obtained confirmation of a Chapter 13 plan. In addition, she has attempted to challenge HomeEq's claims in state court. According to a motion for relief filed by HomEq at one point, this case is the fourth bankruptcy case filed by Ms. Dale since 1999, all of which have also revolved around Ms. Dale's dispute with HomEq Servicing and its predecessors. All the while, Ms. Dale has remained in her home without paying her mortgage payments, *i.e.,* she has enjoyed essentially cost-free housing for some eight years.

It would be an injustice and a travesty to allow Ms. Dale to continue this protracted litigation. As the Court found in the Order of Dismissal, Ms. Dale clearly has acted in bad faith, without any intentions of paying her creditors, and thus conversion to any other chapter of the Bankruptcy Code would be unwarranted and unjustified. *See Marrama v. Citizens Bank of Massachusetts (In re Marrama),* 127 S.Ct. 1105 (2007). Ms. Dale has thrown every possible roadblock in the way of HomEq Servicing to prevent it from realizing the value of its collateral. The issue of the validity and amount of HomEq Servicing's claim and its note and deed of trust have been litigated and re-litigated. In the interests of fairness and equity, it was only right that HomEq Servicing receive whatever funds were on hand with the Trustee when the case was dismissed, and there is absolutely no justification for allowing Ms. Dale to continue with this protracted litigation. It is time for it to end.

*Motion for Order regarding Defendants (sic) Violation of RESPA.*

In this very short motion, Ms. Dale suggests that HomEq Servicing violated Section 6 of RESPA (Real Estate Settlement Procedures Act ) (12 U.S.C. § 2601, *et seq*.) by failing to respond timely to her written request for a statement of her account and by failing to provide written clarification regarding any disputes on the account. She states that the statute provides for awarding damages to the consumer in such an instance.

This motion raises issues that could only be raised in an adversary proceeding filed pursuant to Fed. R. Bankr. P. 7001, inasmuch as it seeks damages for violation of a federal, non-bankruptcy statute. Moreover, the motion – even if it had merit – is not timely filed. It is obvious that the motion is filed as a last desperate attempt by Ms. Dale to prolong this case and hold on to her home. It presents no case for any relief whatsoever.

For the reasons set out above, it is

**ORDERED** that the Debtor's Motion to Vacate Dismissal (Document # 192), Motion to Reconsider Default on Plan Payments (Document # 193), Emergency Motion for Order regarding Motion to File Chapter 11 Reorganization (Document # 194), and Motion for Order regarding Defendants (sic) Violation of RESPA (Document # 195) be and are hereby DENIED.

**SO ORDERED** this 29th day of November 2007.

/s/   Jerry W. Venters
United States Bankruptcy Judge

Copy of the foregoing mailed electronically or
conventionally to all attorneys of record and to:
Virginia P. Dale